IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DELL PULLETT,

    Petitioner,               No. CIV S 07-1755 FCD DAD P

    vs.

UNKNOWN,

    Respondent.            ORDER

_____/

        Petitioner, a state prisoner at Richard J. Donovan Correctional Facility in San Diego, California, has filed a letter with this court in which he references a habeas corpus petition filed in the Kern County Superior court. The letter also appears to pose a question regarding the operation of the one-year statute of limitations applicable to the filing of federal habeas petitions. However, no other pleadings have been filed by the petitioner. In order to commence an action in this court, petitioner must file a petition for writ of habeas corpus as required by Rule 3 of the Rules Governing Section 2254 cases, and petitioner must either pay the required filing fee or file an application requesting leave to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a). The court will not issue any orders granting or denying relief until an action has been properly commenced. Petitioner will be provided the opportunity to file his petition, and to submit an application requesting leave to proceed in forma pauperis or to submit the appropriate filing fee.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner is granted thirty days from the date of service of this order to file a petition that complies with the requirements of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the petition must bear the docket number assigned this case.[1]  Petitioner shall also submit, within thirty days from the date of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $5.00.  Petitioner's failure to comply with this order will result in a recommendation that this matter be dismissed; and

2. The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus and the application to proceed in forma pauperis by a prisoner.

DATED: October 10, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9:cm
pull1755.nop

---

[1] Petitioner is advised that under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The period of limitation applies to all federal habeas petitions filed after the statute was enacted. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). Because this action was opened in 2007, the AEDPA period of limitation is applicable. The statute of limitations begins to run when the petitioner's criminal judgment becomes final. However, under 28 U.S.C. § 2244(d)(2), the time during which a properly filed habeas petition is pending before a state court, is not counted towards the one-year limitation period. The period between the denial of a state petition and the timely filing of a subsequent petition in a higher court is also tolled. See Evans v. Chavis, 546 U.S. 189, ___, 126 S. Ct. 846, 849 (2006); Carey v. Saffold, 536 U.S. 214, 223 (2002).